# EXHIBIT A



U. S. Department of Justice
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, Virginia 22152

www.dea.gov

JUL 1 2 2016

D. Linden Barber
Quarles & Brady LLP
135 North Pennsylvania Street
Suite 2400
Indianapolis, Indiana 46204

Dear Mr. Barber:

This responds to your letter to the Drug Enforcement Administration (DEA) dated October 9, 2015, in which you inquired about a pharmacy delivering controlled substances to the prescribing practitioner, rather than directly to the patient, under certain circumstances.

As you know, as a general matter, the DEA cannot provide individuals with definitive, private legal opinions about whether their particular activities relating to controlled substances comply with the requirements of the Controlled Substances Act (CSA) and DEA regulations. Among the reasons for this is that such letters cannot establish a rule that is legally binding on the recipient or the agency. At the same time, the DEA recognizes the importance of working with regulated entities to help guide them toward compliance with the law and regulations. In that vein, we can provide the following general information.

For purposes of this letter, we will address the following hypothetical scenario:

- A DEA-registered practitioner, acting in the usual course of his/her professional practice, issues a prescription for a controlled substance for a legitimate medical purpose, and the prescription complies in all other respects with the DEA regulations.

- The practitioner determines, in the exercise of his/her sound medical discretion, that it is appropriate for the practitioner to administer the controlled substance directly to the patient at the practitioner's registered location.

- The prescription is for a single dose of the controlled substance for a particular patient – not a take-home supply for that patient and not for the practitioner's office stock.

- The practitioner indicates on the prescription that the controlled substance should be delivered by the pharmacy to the practitioner, at his/her registered location, for administration to the patient.

- The above activity is carried out in compliance with applicable State law and regulations.

Neither the CSA nor DEA regulations specifically address the foregoing scenario. Nonetheless, assuming all the foregoing facts apply, the DEA would consider it permissible under the CSA and DEA regulations for the pharmacy to deliver the controlled substance to the practitioner, at his/her registered location, provided the following conditions are met:

- The pharmacy treats its actions as a dispensing for purposes of the CSA and DEA regulations and complies with all applicable requirements thereunder. This includes, but is not limited to, keeping records indicating that the controlled substance was delivered to the practitioner and including the practitioner's name and address of the registered location to which it was delivered.

- The practitioner treats his/her actions as administering for purposes of the CSA and DEA regulations and complies with all applicable requirements thereunder. This includes, but is not limited to, keeping records, to the extent required for the administering of controlled substances, and maintaining security as required by the regulations.

Finally, please be advised that while this letter represents the current view of the DEA, it is not a binding rule. The DEA is continuing to evaluate the issues related to your inquiry to determine whether it would be appropriate for the agency to propose an amendment to its regulations to specifically address this topic.

For information regarding the DEA Office of Diversion Control and electronic copies of the Federal Register notices mentioned above, please visit www.DEAdiversion.usdoj.gov. If you have any additional questions on this issue, please contact the Office of Diversion Control Liaison and Policy Section at (202) 307-7297.

Sincerely,

Louis J. Milione
Deputy Assistant Administrator
Office of Diversion Control